# CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

Jeffrey Isaacs ("Isaacs"), on the one hand, and University of Southern California ("USC"), on the other hand, have agreed to enter into this Confidential Settlement Agreement and Release (the "Agreement").

1. **Dismissal With Prejudice.**

Isaacs agrees that he will execute and deliver for filing to counsel of record for USC, Robin D. Dal Soglio of Dal Soglio & Martens LLP, the Dismissal with Prejudice (attached hereto as Exhibit A) of Robert Baughman, Brian E. Henderson, Peter J. Katsufrakis and James M.H. Ball (together, the "Individual Defendants") from United States District Court Case No. CV-06-3338 GAF (Ex).  Counsel for USC will file the Dismissal with Prejudice with the Court.

2. **Sealing of Disciplinary Records.**

In exchange for the Dismissal with Prejudice of the Individual Defendants, referenced above, Defendant USC agrees that commencing immediately upon the execution of this Settlement Agreement and receipt of the signed Dismissal with Prejudice, USC will not release or disclose Isaacs' disciplinary records to any third party, including but not limited to other educational institutions and/or potential employers, unless it receives written consent from Isaacs or a subpoena or court order.

3. **Non-Admission of Liability.**

This Agreement shall not in any way be construed as an admission by USC or any of the Individual Defendants that they have harassed, discriminated against or retaliated against Isaacs in any way, or otherwise acted wrongfully with respect to Isaacs.  USC and the Individual Defendants specifically deny that they have any liability to or have done any wrongful acts against Isaacs.

4. **No Other or Future Lawsuits, Charges, Claims.**

With the exception of United States District Court Case No. CV-06-3338 GAF (Ex) (the "Lawsuit"), Isaacs represents that he has not filed any other lawsuits, charges, claims for arbitration, complaints, or appeals of any kind with any court or administrative or governmental agency against the Individual Defendants or any other persons or entities released herein, and he agrees that he will not file any lawsuits, charges, complaints, or appeals at any time hereafter based on, referring to, or incorporating any events, acts or omissions through and including the date hereof.

If Isaacs's representations in this paragraph prove to be false, or if he violates the promises made in this paragraph and files a lawsuit, charge, complaint, or appeal of any kind with any court or administrative or governmental agency against the Individual Defendants, based on any events, acts or omissions through and including the date hereof, Isaacs will pay for all costs and losses, including actual attorneys' fees, incurred by Defendants in connection with said lawsuit, charge, complaint, or appeal.

Initialed  JDI

_____

5. **Complete Release by Isaacs.**

As a material inducement to USC to enter into this Agreement, Isaacs hereby irrevocably and unconditionally waives and releases all rights and claims, known and unknown, which he may have against each and all of the Individual Defendants and each of their respective assigns, agents, representatives, attorneys, spouses, children and other family members, and all persons acting by, through, under or in concert with any of them, from the beginning of time to the date Isaacs signs this Agreement.  This includes but is not limited to a release of all rights and claims Isaacs may have against the Individual Defendants under any federal or state anti-discrimination statutes, including but not limited to the Americans with Disabilities Act and the Rehabilitation Act of 1973, as well as all claims, known and unknown, which he may have for breach of contract, express or implied; breach of the covenant of good faith and fair dealing; and retaliation, defamation, conspiracy, infliction of emotional distress, invasion of privacy, assault, battery, misrepresentation, or any other tort.

6. **Knowing and Voluntary Waiver of Known and Unknown Claims**

Isaacs agrees that, as a condition of this Agreement, he expressly releases all rights and claims that he does not know about, as well as those he knows about.  Thus, consistent with the terms of his release, Isaacs expressly waives all rights under Section 1542 of the Civil Code of the State of California, which reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

7. **Encouragement to Consult With Attorney**

Counsel for USC has strongly encouraged Isaacs to consult with an attorney before signing this Agreement, and Isaacs hereby acknowledges that he has either fully consulted with an attorney prior to signing or has knowingly and voluntarily decided not to do so.

8. **No Representations**

The parties hereto represent and agree that no promises, statements or inducements have been made to them which caused them to sign this Agreement other than those expressly stated in this Agreement.

9. **Successors**

This Agreement shall be binding upon the parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of the parties and others released herein, their representatives, executors, successors and assigns.

Initialed   JDI

### 10. Confidentiality of This Agreement

  a. As a material inducement for USC to enter into this Agreement, Isaacs agrees not to disclose the negotiation, terms, or conditions of this Agreement to anyone other than Isaacs's attorneys and parents (hereafter referred to as "Isaacs's Confidants") and, even as to such a person, only if such persons agree to honor this confidentiality requirement. Violation of this confidentiality requirement by any of Isaacs's Confidants will be treated as a violation of this Agreement by Isaacs.

  b. This section does not prohibit disclosure of the negotiation, terms or conditions of this Agreement to the extent necessary legally to enforce this Agreement, nor does it prohibit disclosures to the extent otherwise required by law (but only if the enforcing party notifies the other party and its attorneys of a disclosure obligation or request within three business days after he/it learns of it and does not actively oppose the party taking all steps it deems to be appropriate to prevent or limit the required disclosure).

  c. If Isaacs is asked about his claims against the Individual Defendants, and only if asked, he may state only that "the matter has been resolved."

### 11. Newly Discovered Facts

Isaacs acknowledges that he might hereafter discover facts different from or in addition to those he now knows or believes to be true with respect to a claim or claims released herein, and he expressly agrees to assume the risk of possible discovery of additional or different facts, and agrees that this Agreement shall be and remain effective in all respects regardless of such additional or different discovered facts.

### 12. Voluntary Participation in This Agreement

The parties acknowledge that they have thoroughly discussed all aspects of their rights and this Agreement with their respective attorneys, or have knowingly and voluntary chosen not to do so, and that they have carefully read and fully understand all of the provisions of this Agreement, that they have been given a reasonable period of time to consider signing this Agreement, and that they are voluntarily signing this Agreement.

### 13. Governing Law

This Agreement is made and entered into in the State of California and shall in all respects be interpreted, enforced and governed under the laws of said State.

### 14. Further Necessary Actions

The parties agree, without further consideration, to sign and/or cause to be signed, and to deliver to counsel for one another, any other documents and to take any other action as may be necessary to fulfill their obligations under this Agreement, including, but not limited to, effecting the dismissal of all outstanding administrative charges.

Initialed JDI

15. **Severability**

Should any of the provisions in this Agreement, other than the Release set forth in Paragraph 5, be declared or be determined to be illegal or invalid, all remaining parts, terms or provisions shall be valid, and the illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

16. **Proper Construction**

a. The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the parties.

b. As used in this Agreement, the term "or" shall be deemed to include the term "and/or" and the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

c. The paragraph headings used in this Agreement are intended solely for convenience of reference and shall not in any manner amplify, limit, modify or otherwise be used in the interpretation of any of the provisions hereof.

17. **Entire Agreement**

This Agreement is the entire agreement between Isaacs and USC and fully supersedes any and all prior agreements or understandings between the parties pertaining to its subject matter.

**PLEASE READ CAREFULLY. THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS.**

Executed at <u>Berwyn Pennsylvania</u>, this 29th day of August 2007.

By: _/s/ Jeffrey D Isaacs_____
Jeffrey Isaacs

Executed at Los Angeles, California, this _____ day of August 2007.

UNIVERSITY OF SOUTHERN CALIFORNIA

By:_____
Dennis F. Dougherty
Senior Vice President for Finance

Initialed   JDI

4